UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,           ) CR. No. 04-010304-RCL
                                    )
                Plaintiff           )
                                    ) REPLY
                                    ) MEMORANDUM IN
        v.                          ) SUPPORT OF
                                    ) MOTION TO SUPPRESS
                                    ) DEFENDANT'S STOP &
                                    ) SUBSEQUENT SEARCH
JARED CROWLEY                       )
                                    )
                Defendants.         )
_____)


   COMES NOW DEFENDANT JARED CROWLEY, by and through his attorney of record, who hereby submits the following reply memorandum in support of his motion to suppress evidence.

**PRELIMINARY STATEMENT**

   On May 27, 2004, Mr. Jared Crowley was stopped, arrested, and his belongs searched by Lowell Police officers. Following said search, Mr. Crowley was charged with being a felon in possession of firearm and ammunition in violation of Title 18, United States Code, Section 922(g)(1)( after initially being charged with firearm possession in state court).

   The stop, arrest and search was predicated on a telephone call to the Lowell Police from a female describing a white male wearing a blue football jersey and grey sweat pants with a gun in his waistband. Lowell officers subsequently observed Mr. Crowley, who

                                    1

fit the general description given by the caller. One officer "[placed] Crowley on the ground". According to the report, Mr. Crowley was known to the officer to carry firearms, although the basis of that purported knowledge is unknown. Officer Lally conducted a "pat frisk" of Mr. Crowley (who is on the ground) and Officer Frechetta "pat frisked the backpack". Officer Frechetta thereafter felt a hard object which he believed to be a handgun. The backpack was then opened, searched and a silver Smith & Wesson 357 Magnum Model 66-2 loaded with 4 rounds of ammunition was seized therefrom.

**ARGUMENT**

**THE POLICE LACKED PROBABLE CAUSE TO ARREST MR. CROWLEY PRIOR TO THE UNLAWFUL SEARCH AND SEIZURE OF THE BACKPACK**

**THE POLICE STOP OF MR. CROWLEY CONSTITUTED AN ARREST**

The reasonableness of a *Terry* stop is a fact specific inquiry based on the "totality of the circumstances." See United States v. Pardue, 385 F.3d 101, 105 (1st Cir. 2004) citing Terry v. Ohio, 392 U.S. 1, 8-9 (1968). At issue is whether the "officer[s'] actions were justified at [their] inception," and if so, "whether the actions undertaken by the officer[s] following the stop were reasonably responsive to the circumstances justifying the stop in the first place." United States v. Sowers, 136 F.3d 24, 27 (1st Cir.), cert. denied, 119 S. Ct. 105 (1998). See also, United

States v. Trueber, 238 F.3d 79 (1st Cir. 2001), United States v. Pardue, 385 F.3d 101, supra.

The government avers that the instant stop, and the manner and means in which it was undertaken, was justified by the particularized information provided by the 911 caller as well as the knowledge that the officers purportedly had concerning Mr. Crowley. (The basis of this purported knowledge deserves the utmost scrutiny). The scope of the stop and seizure, being thrown to the ground, and a backpack which Mr. Crowley no longer had access to seized and searched, went far beyond what was reasonably necessary to carry out the officer's investigation based on the information it had. See United States v. Pardue, 385 F.3d supra at 105. ("[W]e note that by the time [the officer] searched the backpack it had already been taken away from [the defendant] and there was no apparent risk that [the defendant] could have obtained a weapon or anything else from it. [Such a search] of the backpack was outside the bounds set by Terry").

An investigatory stop constitutes a de facto arrest "when a 'reasonable man in the suspect's position would have understood his situation,' in the circumstances then obtaining, to be tantamount to being under arrest." United States v. Zapata, 18 F.3d 971 (1st Cir. 1994) (quoting Berkemer v. McCarty, 468 U.S. 420 (1984)). The manner and means the officer's employed in making Mr. Crowley's *de facto* arrest, and the seizure and search of his backpack, was

3

clearly not proportional to the degree of suspicion that prompted the intrusion.

The government relies on <u>United States v. Taylor</u>, 162 F.3d 12, 20 (1st Cir. 1998) and the "plain feel" doctrine of <u>Minnesota v. Dickerson</u>, 508 U.S. 366, 367 (1993) to justify the scope of the stop and the seizure and subsequent search of the backpack. Both cases are not only factually inapposite, but the application of those cases to the case at bar would turn the Fourth Amendment jurisprudence on its head. The <u>Taylor</u> case involved a vehicle stop based on information from a "reliable" confidential informant, that was confirmed by officers observations. Quoting <u>Michigan v. Long</u>, 463 U.S. 1032, 1049,(1983) the First Circuit noted that "roadside encounters between police and suspects are especially hazardous, and that danger may arise from the possible presence of weapons in the area surrounding a suspect"). The case at bar involving Mr. Crowley was no such encounter, it was a private citizen walking on the street.

Equally, the "plain feel" doctrine of <u>Minnesota v. Dickerson</u> should have no bearing on this case. The item purportedly felt and seized **was not** on his person but rather in a backpack which Mr. Crowley no longer had access to because of the manner and means employed by the police to frisk Mr. Crowley, the "placing" of him on the ground. In such circumstances, the prohibition announced in <u>Pardue</u>, <u>supra,</u> applies.

**CONCLUSION**

Mr. JARED CROWLEY, therefore, respectfully submits that for each of the reasons set forth above, and in his original motion, this Honorable Court should grant his motion to suppress all evidence obtained as a result of his warrantless search and seizure.

Date: January 11, 2005     Respectfully submitted,

/s/ *Victoria M. Bonilla*

VICTORIA BONILLA-ARGUDO, BBO #558750

77 Central St., 2nd Floor

Boston, MA 02109

(617)350-6868


Attorney for Defendant