UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA    )
          Plaintiff         )
                            )  Cr.# 04-10304-RCL
     v.                     )
                            )
JARED CROWLEY               )
          Defendant         )
_____    )
```

**SENTENCING MEMORANDUM OF DEFENDANT PURSUANT
TO F.R.Cr.P. RULE 32(a)(C) and 18 U.S.C. § 3553(a)**

This memorandum is being submitted to assist this Honorable Court in its determination of the most appropriate sentence for Mr. CROWLEY by addressing each of the available sentencing options under the provisions of 18 U.S.C. § 3553 (a) as now constitutionally required by the Supreme Court.  This memorandum will supplement the PSR and submit reasons why this Court should consider and grant a sentence that is in variance with the advisory Guideline level based on all the factors of 3553(a) and **numerous factors in mitigation.**

In the post <u>United States v. Booker</u> 543 U.S. __, 125 S. Ct. 738 (2005) and <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S. Ct. 2531 (2004) world this Honorable Court is free to look at **all** the factors of 18 U.S.C. § 3553(a) in imposing a "reasonable sentence"  that is "sufficient, but not greater than necessary to comply with the purposes set forth [in this provision]."

1

Of particular note, Justice Kennedy, in his 2003 speech to the American Bar Association openly commented on the unfair severity of federal sentences and the harmful effects that the rigid application of the Sentencing Guidelines had on individuals and society as well as the Guidelines readily apparent failure:

"Our resources are misspent, our punishments too severe, our sentences too long....In the federal system the sentencing guidelines are responsible in part for the increase in prison terms....The Federal Sentencing Guidelines should be revised downward..."

In the instant case, Mr. CROWLEY stands before this Honorable Court ready to be sentenced for being a felon in possession of a firearm. He is currently 23 years of age. Prior to the instant case, Mr. CROWLEY has suffered a difficult life as a child of an alcoholic, with a broken home and inadequate education.  As he moved through his teen years he found alcohol and marijuana as a an escape from that life and theft as a means to that escape. <u>See</u> PSR ¶s 29-68.  As a result thereof, he built up a criminal history in the Massachusetts District Courts that reflect his social instability, poor education, poor vocational training, lack of family support and guidance (Mr. Crowley was thrown out of the family home at the age of 16).  By 17 years of age, Mr. Crowley was involved with the criminal justice system.  The criminal justice system, in his case, made no effort to help treat the causes of this conduct, other than during his incarceration at the Billerica

House of Correction, where Mr. Crowley participated in AA meetings and a brief substance abuse program. PSR ¶ 72.

JARED CROWLEY has candidly admitted his involvement with the instant offense at an early stage of the proceedings. PSR ¶s 14.  Although a firearm is involved, Mr. CROWLEY has never had a history of violent behavior.  All his prior conduct has been principally alcohol related.

### GUIDELINE CALCULATIONS

| | |
|---|---:|
| Base Offense Level (2K2.1 (a)(6) | **14** |
| Stolen enhancement (2K2.1(b)(4) | **2** |
| Acceptance of Responsibility | **-3** |
| **Total Offense Level** | **13** |
| Criminal History Category | **VI** |
| Sentencing Range | 33-41 months |

### FACTORS IN MITIGATION

Mr. CROWLEY respectfully submits that this Honorable Court could take into consideration the following factors in mitigation that are consistent with the "departures" that are addressed in the Guidelines and other factors that would assist the Court in determining a reasonable sentence that may be in variance with the total Guideline calculation but that are consistent with 18 U.S.C. § 3553(a):

3

**NEED FOR TREATMENT AND REHABILITATION... 18 U.S.C. § 3553(a)(1)(D).** Mr. CROWLEY has a protracted history of alcohol abuse, coming from an alcoholic, fatherless home. PSR ¶s 51-72. Mr. Crowley began drinking daily by age 17.  He drank until intoxication took over.

Alcoholism is:

> *"A chronic, progressive and potentially fatal disease characterized by tolerance and physical dependency or organ changes, or both. Generally, alcoholism is repeated drinking that causes trouble in the drinkers personal, professional, or family life. When they drink, alcoholics cant always predict when they'll stop, how much they'll drink, or what the consequences of their drinking will be. Denial of the negative effects alcohol has in their lives is common in alcoholics and those close to them."*... Monroe, Judy. <u>Alcohol</u>. New Jersey: Enslow Publishers Inc., 1994.

Prior to the instant offense Mr. Crowley had only limited involvement with any substance abuse treatment program.  Mr. Crowley participated in treatment while incarcerated at the House of Correction.  It is clear that Mr. CROWLEY is himself an alcoholic (his drug of choice) who involved himself with the instant offense due to his inability to make proper life choices as a consequence of his disease and addiction.  Mr. CROWLEY's history of alcohol and drug abuse is a significant

4

factor under 18 U.S.C. § 3553(a)(2)(D) because it evidences his need for treatment.

> *There is no magic bullet to eradicate drug abuse. Drugs purport to provide an instant answer to boredom, anxiety or pain. But the solution to the drug problem for the individual and the country is anything but instant. Treating drug addiction requires patience, compassion, and a will to carry on.*
>
> *Barry McCaffrey*
> *Director, Office of National Drug Control Policy*

**OVERSTATEMENT OF CRIMINAL HISTORY**  Mr. CROWLEY has a history of Massachusetts District Court offenses that are a direct result of his substance abuse and poor education that has kept him from making rational choices.  Although Probation has suggested that there be an inadequacy of criminal history reflected which may warrant an upward departure, PSR ¶ 106, he is already a category VI offender.  It is important to compare him with other such offenders and determine what gave rise to the offenses. U.S.S.G. § 4A1.3 recognizes the "imperfection" of the categorical approach to assessing criminal history, and specifically provides a mechanism for, and *encouraging*, the courts to depart when a "defendant's criminal history [is] significantly less serious than that of most defendants in the same criminal history category..."   See also U.S.S.G.4A1.1,

5

Background note.  As set forth above, although Mr. CROWLEY's criminal history is serious, it does not involve crimes of violence and is not unlike a criminal record of similarly situated alcoholic and drug addicted offenders.  Mr. Crowley's scorable criminal history has been entirely handled at the Massachusetts District Court level.  A court without jurisdiction to impose a state sentence.  Crimes of a more serious nature are handled in the Superior Court where convicted individuals serve a state sentence in a state correctional institution versus a house of corrections.  His record as a whole is significantly less serious than other Category VI offenders.

> [T]o qualify for this departure, unlike departures in Chapter 5, the Court does not have to find that there is something atypical about the record. Specifically, the court does not have to find that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." *18 U.S.C. § 3553*(b). The statutory authority for the promulgation of U.S.S.G. § 4A1.3 lies not in *18 U.S.C. § 3553*(b), the departure authority, but "in the basic provision of the Sentencing Reform Act that gives the Commission the authority ... to take into account, where relevant, the defendant's criminal background," <u>United States v. Shoupe</u>, 988 F.2d 440, 446 (3d Cir. 1993)

>   Judges have considered the relationship between the specific offenses and drug use, notwithstanding U.S.S.G. § 5H1.4.  As Judge Weinstein noted in describing a defendant's record, as a basis for a downward departure, "his prior arrests result from minor drug crimes involving facilitation of the sale of drugs and the kind of petty criminality associated with a poor addict's attempt to acquire money for the purchase of narcotics." <u>United States v. Hammond</u>, 37 F. Supp. 2d 204, 205 (E.D.N.Y. 1999).  <u>United States v. Wilkerson</u>, 183 F.Supp. 2d 373,375 (D.C. Mass. 2002).

   Mr. CROWLEY's criminal history, lack of education and alcoholic background, once treated, does not evidence an individual likely to commit further serious crimes or crimes of violence and thus fits squarely with those cases where departures on the basis of overstatement of criminal history have been granted.

   Mr. CROWLEY respectfully submits that even if any one of the above reasons do not provide a sufficient ground for the sentence requested here, **the totality of circumstances** justify the "reasonable sentence" requested that is *no greater than necessary* to carry out the provisions of 18 U.S.C. § 3553(a) even if such is in variance with the Guideline calculations.

   Lastly, the instant **offense and arrest occurred on May 27, 2004.**  Mr. Crowley was *first prosecuted in state court, and to this Counsel's knowledge the matter appears as open*.  PSR ¶ 48. Mr. CROWLEY first appeared on the federal charges on October 8, 2004 but has been incarcerated since the date of his arrest,

7

May 27, 2004 and any sentence should reflect a reduction that would credit him for the four and a half months that he was in state custody.

### RECOMMENDED SENTENCE

Mr. CROWLEY, has now spent approximately **14 months actual time** in custody pending these proceedings.  A sentence of **28 months** (33 months with 5 months credit for state custody, inclusive of approximately 2 weeks of "good time") with a recommendation to the **BOP's 500 hour drug and alcohol program** would avoid disparity, reflect the seriousness of the offense and provide Mr. CROWLEY with needed treatment and rehabilitation.  It is also a "reasonable sentence" reflecting all the factors in 18 U.S.C. § 3553(a) that is well within the discretion of this Honorable Court.

Date: July 12, 2005                Respectfully submitted,
                                   JARED CROWLEY,
                                   By his attorney,


                                   *s/Victoria Bonilla*

_____       VICTORIA BONILLA-ARGUDO
                                   Bourbeau and Bonilla
                                   77 Central St, 2nd Floor
                                   Boston, MA 02109
                                   (617) 350-6868