UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10304-RCL |
| ) | |
| JARED CROWLEY ) | |
| ) | |
| Defendant ) | |

**MOTION TO CONTINUE SENTENCING
HEARING FOR APPROXIMATELY 45 DAYS**

The United States, with the concurrence of the Probation Office, hereby moves the Court to continue the sentencing hearing in this action, currently scheduled to be held on July 18, 2005, for approximately 45 days in order to permit the government and the Probation Office to gather information concerning the nature of certain of the defendant's prior convictions, which information is crucial to the accurate calculation of the Guideline sentencing range in this case. This continuance is necessary in light of the Supreme Court's opinion in United States v. Shepard, 125 S.Ct. 1254 (2005), which limits the manner in which the nature of violent felonies can be proven for sentencing purposes.

Whether the defendant was previously convicted of crimes of violence or controlled substance offenses is central to the application of the firearms Guideline. See U.S.S.G. § 2K2.1(a)(1)-(4). In this case, the Probation Office has identified six separate instances in which the defendant has been convicted of burglary under Massachusetts law. In each of those cases, the charging document fails to specify whether the burglary was committed in a building (and therefore a crime of violence) or in a boat or motor vehicle (and therefore not a crime of violence). See Shepard, 125 S.Ct. at 1257.

In <u>Shepard</u>, the Supreme Court held that:

> enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute [such as the Massachusetts burglary statute] necessarily admitted elements of the generic [<u>i.e.</u> violent] offense is limited to the terms of the charging documents, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.

Thus, in a case such as this one, where the charging documents do not indicate whether the burglaries at issue were crimes of violence, the Court should look to the judicial record for information contained in plea colloquies and the like.

The government has obtained the applications for the criminal complaint underlying the charges in several of the defendant's prior convictions. Certain of those applications indicate that the burglaries were into dwellings. However, in accordance with <u>Shepard</u>, such applications cannot be the basis for determining the appropriate sentence. With respect to two of the defendant's prior convictions, the Clerk of the Ayer District Court has informed the government that audio recordings of the plea colloquies are available. The government has requested copies of those recordings. According to the Clerk's Office, it may take until late August to provide such copies,

As calculated by the Probation Office, in the event that none of the defendant's prior convictions are deemed crimes of violence, his Guideline sentencing range is 33-41 months. It appears the defendant has been in state custody since he was arrested for the offense underlying this case, on May 28, 2004. He has thus served approximately 14 months. Given that a sentence at the low-end of the Guideline range would entail imprisonment for approximately 19 more months, a 45-day delay will not prejudice the defendant.

In order to enable the Court to determine the appropriate sentence in this case based on as much information as is available, the government requests that sentencing be continued for approximately 45 days.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

        /s/ John A. Capin
By:    _____
        JOHN A. CAPIN
        Assistant U.S. Attorney