UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10304-RCL |
| | ) | |
| JARED CROWLEY, | ) | |
| Defendant | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The government submits this memorandum to address the calculation of the defendant's base offense level under the United States Sentencing Guidelines. The question is whether the defendant committed the instant offense "subsequent to sustaining [one or more felony convictions] of . . . a crime of violence." See U.S.S.G. § 2K2.1(a)(2) (setting a base offense level of 24 if the defendant was previously convicted of two felony crimes of violence) and § 2K2.1(a)(4) (setting a base offense level of 20 if the defendant was previously convicted of one felony crime of violence). In this case, the issue turns on the nature of two burglary convictions in the Ayer District Court, which are described in the PSR at ¶¶ 31 and 33.[1]

For Guidelines purposes, "burglary of a dwelling" is a crime of violence. U.S.S.G. § 4B1.2(a)(2); and see § 2K2.1, comment. app. note 1 (incorporating definition of "crime of violence" set forth in § 4B1.2); and United States v. Dueno, 171 F.3d 3, 5 (1st Cir 1999). As stated in the Stipulation attached hereto, an audio recording of the colloquy between the judge

---

[1] As set forth in the PSR, at ¶ 18, n.1, the defendant has been convicted of a total of six burglary offenses. However, none of the charging instruments in those cases indicate whether the charge involved burglary of a dwelling, which is a crime of violence. Thus, under United States v. Shepard, 125 S.Ct. 1254 (2005) and United States v. Jackson, 2005 WL 1302890, this Court can only find that these burglaries were crimes of violence if the judicial record of the guilty pleas, such as the substance of the plea colloquy, indicate that the defendant admitted to burglary of a dwelling. In this case, the plea colloquies in all but the Ayer cases are unavailable.

and the defendant in connection with the defendant's guilty plea in Ayer District Court establishes that, with respect to each of the burglaries described in paragraphs 31 and 33 of the PSR, the defendant admitted to breaking into a dwelling.  Stipulation at ¶ 3.  Thus, if the two burglaries were each to be counted separately, the plea colloquy would provide the factual basis for finding that the defendant had been convicted of two crimes of violence.

However, the firearm Guideline instructs that, for purposes of applying § 2K2.1 (a)(2), the Court should "use only those felony convictions that are counted separately under § 4A1.1(a),(b), or (c)."  U.S.S.G. § 2K2.1, comment. app. note 12 (citing § 4A1.2(a)(2) and § 4A1.2, comment. app. note 3).  Section 4A1.2(a)(2), in turn, states that "[p]rior sentences imposed in related cases are to be treated as one sentence."  The commentary to § 4A1.2 explains that "prior sentences are considered related if they resulted from offenses that . . . were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, comment. app. note 3; and see United States v. Charles, 209 F.3d 1088, 1090 (8th Cir. 2000) (relying on § 4A1.2, comment. app. note 3 to hold that defendant's two prior burglary convictions counted as only one prior felony conviction of crime of violence for purposes of determining the base offense level under section 2K2.1(a)(2) where prior sentences are for related cases.

As stated in the Stipulation attached hereto, records maintained by the Ayer District Court show that, on May 4, 2001, the court consolidated the cases described in paragraphs 31 and 33 of the PSR for trial.  Stipulation at ¶ 2.  Moreover, the defendant pleaded guilty to those charges in a consolidated plea and sentencing proceeding.  Id. at ¶ 3.  Thus, the two Ayer convictions are to be treated as a single "crime of violence" for the purposes of § 2K2.1.

The defendant's base offense level is therefore 20, pursuant to U.S.S.G. § 2K2.1(a)(4).  It is increased by two levels because the defendant possessed a stolen firearm.  PSR ¶ 19.  Based

on the defendant's acceptance of responsibility, the offense level is reduced by three levels pursuant to U.S.S.G. § 3E1.1. The defendant's total offense level is therefore 19 (20 + 2 - 3).

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:    /s/ John A.Capin

        JOHN A. CAPIN
        Assistant U.S. Attorney
        (617) 748-3264